The Honorable Ronald B. Leighton

1

2

3

4

5

6

7
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
8
**AT TACOMA**

9
DANIEL MITCHELL, ROBIN BALL,
LUKE RETTMER, ARMEN TOOLOEE,
10
NATHANIEL CASEY, MATTHEW
WALD, SECOND AMENDMENT
11
FOUNDATION, and NATIONAL RIFLE
ASSOCIATION,
12
Plaintiffs,
13
v.
14
STATE OF WASHINGTON and
15
ROBERT FERGUSON, in his official
capacity as the Attorney General of the
16
State of Washington,
17
Defendants,
18
And
19
SAFE SCHOOLS SAFE COMMUNITIES,
20
Intervenor-Defendant.

NO. 3:18-cv-05931-RBL

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
(Fed. R. Civ. P. 12(b)(1))

NOTE FOR MOTION CALENDAR:
FEBRUARY 15, 2019

21

22

23

24

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**TABLE OF CONTENTS**

I.  INTRODUCTION AND RELIEF REQUESTED ................................................ 1

II.  STATEMENT OF FACTS ................................................................................... 2

III.  ARGUMENT ....................................................................................................... 4

    A.  Legal Standards on a Motion to Dismiss ................................................ 4

    B.  Plaintiffs Have Failed To Establish Standing ........................................ 5

        1.  Plaintiffs Lack Article III standing ............................................... 5

        2.  Plaintiffs have not shown prudential standing .............................. 9

        3.  The Associational Plaintiffs lack associational standing ............ 12

    C.  Plaintiffs' Claims Are Not Ripe ............................................................ 13

        1.  Plaintiffs have not established constitutional ripeness ................ 13

        2.  Plaintiffs have not established prudential ripeness ...................... 14

    D.  The Eleventh Amendment Bars All of Plaintiffs' Claims Against the State of Washington and Their State-Law Claims Against Both Defendants ..................... 15

IV.  CONCLUSION .................................................................................................. 16

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Abbott Labs. v. Gardner*
    387 U.S. 136 (1967) .......................................................................................... 13, 14

4

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ..................................................................................................... 4

5

*Boston Stock Exch. v. State Tax Comm'n*
    429 U.S. 318 (1977) ................................................................................................... 11

6

*Chandler v. State Farm Mut. Auto. Ins. Co.*
    598 F.3d 1115 (9th Cir. 2010) ..................................................................................... 4

7

*Dennis v. Higgins*
    498 U.S. 439 (1991) ................................................................................................... 10

8

9

*Dep't of Revenue of Ky. v. Davis*
    553 U.S. 328 (2008) ................................................................................................... 11

10

*Draper v. Healey*
    827 F.3d 1 (1st Cir. 2016) .......................................................................................... 12

11

*Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*
    666 F.3d 1216 (9th Cir. 2012) ................................................................................... 12

12

13

*Hans v. Louisiana*
    134 U.S. 1 (1890) ....................................................................................................... 16

14

*Hunt v. Wash. State Apple Advert. Comm'n*
    432 U.S. 333 (1977) ................................................................................................... 12

15

*Individuals for Responsible Gov't v. Washoe County*
    110 F.3d 699 (9th Cir. 1997) ..................................................................................... 11

16

17

*Kachalsky v. Cacace*
    817 F. Supp. 2d 235 (S.D.N.Y. 2011) .................................................................. 12, 13

18

*Kokkonen v. Guardian Life Ins. Co.*
    511 U.S. 375 (1994) ..................................................................................................... 5

19

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*
    624 F.3d 1083 (9th Cir. 2010) ................................................................................... 13

20

21

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*
    572 U.S. 118 (2014) ................................................................................................... 10

22

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
    416 F.3d 940 (9th Cir. 2005) ....................................................................................... 5

23

24

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ............................................................................... 5, 7

*Nat'l Ass'n of Optometrists & Opticians v. Harris*
    682 F.3d 1144 (9th Cir. 2012) ............................................................... 11

*New Energy Co. of Ind. v. Limbach*
    486 U.S. 269 (1988) ............................................................................... 11

*Nw. Sch. of Safety v. Ferguson*, 2017 WL 4857604, 699 Fed. App'x. 707 (9th Cir.
    2017) ...................................................................................................... 6

*Oklevueha Native Am. Church*
    676 F.3d 829 (9th Cir. 2012) ................................................................. 14

*Pac. Nw. Venison Producers v. Smitch*
    20 F.3d 1008 (9th Cir. 1994) ................................................................. 11

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) ................................................................................. 16

*Poe v. Ullman*
    367 U.S. 497 (1961) ............................................................................... 8

*Raygor v. Regents of Univ. of Minn.*
    534 U.S. 533 (2002) ............................................................................... 16

*Rincon Band of Mission Indians v. San Diego County*
    495 F.2d 1 (9th Cir. 1974) ..................................................................... 8

*Ripplinger v. Collins*
    868 F.2d 1043 (9th Cir. 1989) ............................................................... 8

*San Diego Cty. Gun Rights Comm. v. Reno*
    98 F.3d 1121 (9th Cir. 1996) ......................................................... passim

*Scott v. Pasadena Unified Sch. Dist.*
    306 F.3d 646 (9th Cir. 2002) ............................................................. 5, 14

*Steffel v. Thompson*
    415 U.S. 452 (1974) ............................................................................... 8

*Stoianoff v. Montana*
    695 F.2d 1214 (9th Cir. 1983) ............................................................ 1, 5

*Summers v. Earth Island Inst.*
    555 U.S. 488 (2009) ............................................................................... 12

*Thomas v. Anchorage Equal Rights Comm'n*
    220 F.3d 1134 (9th Cir. 1999) ....................................................... passim

*Townsend v. Univ. of Alaska*
    543 F.3d 478 (9th Cir. 2008) ................................................................. 16

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

iv

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Valley Forge Christian Coll. v. Americans United for Separation of Church and State*
    454 U.S. 464 (1982)..................................................................................... 9, 11

*Walker v. City of Lakewood*
    272 F.3d 1114 (9th Cir. 2001) ...................................................................... 13

*Warth v. Seldin*
    422 U.S. 490 (1975)..................................................................................... 5, 10

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*
    135 F.3d 658 (9th Cir. 1998) ......................................................................... 5

*Yakama Indian Nation v. Washington*
    176 F.3d 1241 (9th Cir. 1999) ...................................................................... 16

**<u>Rules</u>**

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 4

Fed. R. Civ. P. 12(b)(1) ...................................................................................... 2

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

v

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## I.     INTRODUCTION AND RELIEF REQUESTED

In November 2018, Washington voters passed Initiative 1639 (I-1639) to increase public safety and reduce gun violence. I-1639 requires an enhanced background check prior to purchasing a semiautomatic assault rifle (similar to the one required for pistols), requires gun safety training, raises the age to purchase semiautomatic assault rifles to 21, limits the sale of such weapons to residents of Washington, imposes a waiting period for the purchase of semiautomatic assault rifles, and imposes penalties for unsafe firearm storage that results in unauthorized access to and use of the firearm.[1] Weeks before any part of I-1639 went into effect, Plaintiffs filed suit, seeking to overturn the will of the voters. They claim that I-1639 unconstitutionally burdens their right to bear arms, U.S. Const. amend. II; Wash. Const. art. I, § 24, and violates the Commerce Clause, U.S. Const. art I., § 8.

Under well-settled precedent, however, Plaintiffs lack standing and their claims are not ripe because Plaintiffs fail to show a "genuine threat of imminent prosecution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 1999) (en banc) (quoting *Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir. 1983)). Courts examine three factors to assess whether such a threat exists: (1) whether the plaintiff has a concrete plan to violate the law; (2) whether the plaintiff has been threatened with prosecution; and (3) whether there is a history of prosecution under the law. *Id.* In this case, no Plaintiff has articulated a concrete plan to violate I-1639, no authority has threatened any Plaintiff with prosecution, and no one has yet been prosecuted for violating I-1639. Plaintiffs' sole allegation regarding enforcement is that the Attorney General has generally stated his intention to enforce the initiative. This is plainly

---

[1] The full text of I-1639 is attached to the Complaint for Declaratory and Injunctive Relief (Dkt. 1).

DEFENDANTS' AND INTERVENOR-DEFENDANT'S JOINT MOTION TO DISMISS NO. 3:18-cv-05931-RBL

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

insufficient, as "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Id.*

Even if Plaintiffs had Article III standing, prudential ripeness concerns would counsel against this Court exercising its jurisdiction. Most of I-1639 will not take effect for six months, and even as to the one section currently in force, Plaintiffs ask this Court to decide what is essentially a hypothetical case devoid of any evidence as to the law's application.

Because Plaintiffs cannot meet constitutional and prudential standing and ripeness requirements, this case should be dismissed in its entirety. Fed. R. Civ. P. 12(b)(1). At the very least, the Court should dismiss all claims, both federal and state, against the State of Washington and all state law claims against Washington Attorney General Bob Ferguson, because those claims are barred by the Eleventh Amendment. *Id.*

## II.   STATEMENT OF FACTS

The people of Washington adopted I-1639 in the 2018 general election, with over 59% of voters supporting the measure.[2] In light of multiple mass shootings in which semiautomatic assault rifles were used, I-1639's stated purpose is to increase public safety and reduce gun violence. I-1639, § 1. The law seeks to keep semiautomatic assault rifles out of dangerous hands by implementing an enhanced background check system for semiautomatic assault rifles similar to the one already required for pistols, requiring firearms safety training and a waiting period prior to purchasing a semiautomatic assault rifle, and providing criminal penalties if a firearm is stored unsafely and is obtained by a person who cannot legally possess it. I-1639, § 1. The initiative also restricts sales and purchases of semiautomatic assault rifles for those under the age 21 (the Age Requirement). *Id.* Subject to numerous exceptions, possession of

---

[2] http://results.vote.wa.gov/results/current/State-Measures-Initiative-Measure-No-1639-Initiative-Measure-No-1639-concerns-firearms.html

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

semiautomatic assault rifles for this age group is also restricted. *Id.* I-1639 further prohibits the sale of semiautomatic assault rifles to those who live outside Washington State (the Residency Requirement). *Id.* § 12. The initiative defines "semiautomatic assault rifle" as well as "safe gun storage." I-1639 §§ 16(24), (25).

On November 15, 2018, Plaintiffs filed this lawsuit against the State of Washington and Washington Attorney General Bob Ferguson in his official capacity, challenging I-1639's Age and Residency Requirements. Compl. ¶¶ 44-45. Plaintiffs include firearms dealers (Dealer Plaintiffs), individuals under age 21 (Young Adult Plaintiffs), and the Second Amendment Foundation and National Rifle Association (Associational Plaintiffs). *Id.* ¶¶ 9-35.

The Dealer Plaintiffs allege that the Residency Requirement violates the dormant Commerce Clause of the United States Constitution, Art. I, § 8, cl. 3. Compl. ¶¶ 66-67; I-1639, § 12. And all Plaintiffs allege that the Age Requirement violates the right to bear arms under the Second Amendment to the U. S. Constitution, as well as article I, section 24 of the Washington Constitution. Compl. ¶¶ 68-70, 73. The Age Requirement provides that "[a] person under twenty-one years of age may not purchase a pistol or semiautomatic assault rifle, and except as otherwise provided in this chapter, no person may sell or transfer a semiautomatic assault rifle to a person under twenty-one years of age." I-1639, § 13. But individuals under age 21 are not prohibited from purchasing bolt-action, pump-action, lever-action, or other types of non-semiautomatic rifles. I-1639, §§ 12-13, 16(25). Nor does I-1639 prohibit the possession of semiautomatic assault rifles by individuals under age 21 in their home or place of business, on real property they control, at organized competitions or shooting ranges, while hunting, anywhere shooting is legal, or to travel to or from a place they may legally possess such weapons. I-1639, § 13(3), RCW 9.41.042. Plaintiffs challenge only the parts of I-1639 that restrict sales and purchases of semiautomatic assault rifles.

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

I-1639 takes effect July 1, 2019, except for the Age Requirement and possession restrictions, which took effect on January 1, 2019. I-1639, § 17. To date, to the State's knowledge, no one (and certainly none of the Plaintiffs) has been arrested, cited, or prosecuted in connection with any violation of I-1639. Compl. ¶ 29. Plaintiffs allege that "Attorney General Robert Ferguson has stated his intention to enforce I-1639." Compl. ¶ 76. Plaintiffs cite no instance in which anyone, including any of the Plaintiffs, has been specifically threatened with prosecution or enforcement by the Attorney General, a prosecutor, or any law enforcement officer.

Nor do Plaintiffs allege they will violate I-1639 at a specific time in the future. To the contrary, the Dealer Plaintiffs allege they would sell semiautomatic assault rifles if there were no statutory ban against it and that they "desire" to sell such firearms to "nonprohibited" purchasers. *Id.* ¶¶ 53, 56, 63-64. The Young Adult Plaintiffs allege a "desire," "hope," or "intent" to purchase semiautomatic assault rifles at an unspecified future time. *Id.* ¶¶ 24-25, 34, 59, 62.

## III.   ARGUMENT

### A.   Legal Standards on a Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded allegations of material fact.

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005);

2   *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The plaintiff

3   bears the burden of proving that the court has jurisdiction to decide the case. *See Kokkonen v.*

4   *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). At the pleading stage, then, the complaint must

5   "clearly allege facts demonstrating" that a justiciable controversy exists. *Warth v. Seldin*,

6   422 U.S. 490, 518 (1975).

7   **B.      Plaintiffs Have Failed To Establish Standing**

8   **1.      Plaintiffs Lack Article III standing**

9   Plaintiffs lack standing because they cannot show a genuine threat of imminent

10  prosecution. To establish Article III standing, Plaintiffs must demonstrate that they have

11  suffered "an 'injury-in-fact' to a legally protected interest that is both 'concrete and

12  particularized' and 'actual or imminent,' as opposed to 'conjectural' or 'hypothetical.' "

13  *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (quoting

14  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The mere existence of a statute,

15  which may or may not ever be applied to plaintiffs, is not sufficient to create a case or

16  controversy within the meaning of Article III." *Stoianoff v. Montana*, 695 F.2d 1214, 1223

17  (9th Cir. 1983); *see also Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002);

18  *Thomas*, 220 F.3d at 1139; *San Diego Cnty.*, 98 F.3d at 1125. Instead, to establish standing

19  before a statute has been enforced, as Plaintiffs attempt here, a plaintiff must show a " 'genuine

20  threat of imminent prosecution.' " *Thomas*, 220 F.3d at 1139 (quoting *Stoianoff*, 695 F.2d

21  at 1126). The Ninth Circuit recently affirmed a decision of this Court dismissing a prior case

22  brought against Defendant Ferguson on this basis. *Nw. Sch. of Safety v. Ferguson*, 2017 WL

23

24

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

4857604, at *1, 699 Fed. App'x. 707, 708-09 (9th Cir. 2017) (unpublished) (affirming dismissal of a pre-enforcement challenge to Washington Initiative 594, which also regulates firearms).

In determining whether there is a "genuine threat of imminent prosecution," courts in this circuit look to "[1] whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." *Thomas*, 220 F.3d at 1139. All of these factors counsel strongly against finding standing here.

As to the first factor, "[a] general intent to violate a statute at some unknown date in the future does not rise to the level of an articulated, concrete plan." *Id.* Rather, the Ninth Circuit has required specific allegations as to how and when the challenged law will be violated. For example, in *Thomas*, the plaintiffs alleged that Alaska's housing laws violated their First Amendment rights by prohibiting discrimination based on marital status. *Id.* The plaintiffs "pledge[d] their intent" to refuse to rent to unmarried couples in the future, but could not "specify when, to whom, where, or under what circumstances." *Id.* The Court found this insufficient: "The landlords' expressed 'intent' to violate the law on some uncertain day in the future . . . can hardly qualify as a concrete plan." *Id.* at 1140.

Similarly, in *San Diego County Gun Rights Committee*, the plaintiffs challenged the constitutionality of restrictions on gun ownership in the Crime Control Act of 1994, Pub. L. No. 103–322, 108 Stat. 1796 (1994), *codified as amended at* 18 U.S.C. § 921. Although plaintiffs alleged that they "intend[ed] to engage in activities prohibited by" the law, the Ninth Circuit found this insufficient because "[t]he complaint does not specify any particular time or date on which plaintiffs intend to violate the Act." *San Diego Cty.*, 98 F. 3d at 1127. " '[S]uch 'some day'

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.' " *Id.* (quoting *Lujan*, 504 U.S. at 564).

Plaintiffs' claims here fall far short of a concrete plan to violate I-1639's sale and purchase provisions. Only one Plaintiff states even a "some day" intention to violate I-1639—Young Adult Plaintiff Casey vaguely avers that he "intends to purchase" a semiautomatic assault rifle for big game hunting "in the future." Comp. ¶¶ 24-25. But he does not even allege that he intends to purchase this firearm while under age 21. Like the plaintiffs in *Thomas* and *San Diego Gun Right Committee*, Casey fails to allege "any particular time or date" for the purchase. Nor does he allege "when, [from] whom, where, or under what circumstances" he might hypothetically purchase a semiautomatic assault rifle. *Thomas*, 220 F.3d at 1139; *San Diego Cty.*, 98 F. 3d at 1127. Under clear precedent, this is not a concrete plan.

The remaining Young Adult and Dealer Plaintiffs do not even allege any intention to violate I-1639. They allege only that they "desire" or "hope" to purchase a semiautomatic assault rifle in the future. Compl. ¶¶ 34, 59, 62. These indeterminate statements fail to establish any kind of plan to violate I-1639, let alone a "concrete plan" necessary to establish an "actual and imminent injury." *San Diego Cty.*, 98 F. 3d at 1127 (quoting *Lujan*, 504 U.S. at 564). And the Dealer Plaintiffs explicitly allege an intent to comply with the law—not violate it. They allege that they intend to sell semiautomatic assault rifles to non-residents only "absent a statutory ban," and "desire" to sell rifles to "non-prohibited purchasers." Compl. ¶¶ 53, 56, 63-64. Thus, none of the individual Plaintiffs have established a "concrete plan" to violate I-1639.

Turning to the second factor, Plaintiffs fail to allege that "the prosecuting authorities have communicated a specific warning or threat to initiate proceedings." *Thomas*, 220 F.3d at 1139.

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

A general statement by a law enforcement officer that the laws will be enforced does not constitute a specific threat of enforcement. *Poe v. Ullman*, 367 U.S. 497, 501 (1961) (Attorney General's statement that all violations of law would be prosecuted was a general threat that lacked immediacy). This is true even when the statement was made directly to the plaintiffs rather than as a general statement to the public (as was done here). For example, in *Rincon Band of Mission Indians v. San Diego County*, plaintiffs failed to allege a specific threat of prosecution when sheriff's deputies informed some plaintiffs that gambling was illegal and that all county laws would be enforced. 495 F.2d 1, 4 (9th Cir. 1974). Similarly, in *Western Mining Council v. Watt*, the Interior Secretary's statement that "plaintiffs can't dig in the ground" was not a specific threat of prosecution. 643 F.2d 618, 626 (9th Cir. 1981). By contrast, a specific threat of prosecution has been established under circumstances entirely dissimilar to those here—that is, where the plaintiff was personally warned charges would be initiated and that he would be prosecuted if he did not cease his activity. *See Ripplinger v. Collins*, 868 F.2d 1043, 1047 (9th Cir. 1989) (deputy county attorney personally warned the plaintiff charges would be initiated if he continued to distribute alleged obscene material); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (plaintiff was twice warned to stop handbilling, told by police he would be prosecuted if he handbilled again, and his companion had been prosecuted).

Plaintiffs do not allege that anyone, much less any of the Plaintiffs, has been threatened with prosecution under I-1639. Plaintiffs allege only that Attorney General Bob Ferguson "has stated his intention to enforce I-1639." Compl. ¶ 76. But this is merely a general statement that the laws of Washington State will be enforced. It was never communicated to Plaintiffs directly, does not indicate that charges will be initiated against Plaintiffs or anyone else, and does not come close to rising to a specific threat of prosecution under Ninth Circuit case law.

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

8

Finally, Plaintiffs cannot show a "history of past prosecution or enforcement under the challenged statute" because they filed this suit before it has been enforced against anyone. *Thomas*, 220 F.3d at 1139. "Plaintiffs' inability to point to any history of prosecutions undercuts their argument that they face a genuine threat of prosecution." *San Diego Cty.*, 98 F.3d at 1128. Indeed, in *Thomas*, the Ninth Circuit found insufficient history of prosecution even where the anti-discrimination ordinance had been enforced, because the enforcement was rare and was civil rather than criminal. *Thomas*, 220 F.3d at 1140-41. Here, by contrast, there is no history of enforcement at all, for the Age Requirement has been in effect just a few weeks and the rest of the initiative does not take effect until July.

In short, Plaintiffs have not shown a "genuine threat of imminent prosecution." *Thomas*, 220 F.3d at 1139. Each factor counsels even more strongly against finding jurisdiction than in *Thomas* and *San Diego County Gun Rights Committee*, because no Plaintiff has established a concrete plan to violate the initiative, no one has specifically threatened any Plaintiff with prosecution, and no one has been prosecuted under I-1639. All of Plaintiffs' claims should therefore be dismissed for lack of Article III standing.

### 2.    Plaintiffs have not shown prudential standing

Even where a plaintiff can show the constitutional minimum to establish standing, courts decline to find standing on prudential grounds in certain circumstances. *See, e.g.*, *Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 474-75 (1982). Those circumstances are present here as to each group of Plaintiffs.

The Associational and Young Adult Plaintiffs assert generalized objections under the Second Amendment to I-1639's restrictions on the sale and purchase of semiautomatic assault rifles. But prudential standing requirements prohibit adjudicating "abstract questions of wide public

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

significance" that amount to "generalized grievances" shared by many members of the public. *Id.* Put another way, when plaintiffs make allegations that are "no more than a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens," the claims fail to merit the exercise of jurisdiction. *San Diego Cty.*, 98 F.3d at 1131-32. That is the situation here. The Young Adult Plaintiffs state that they "intend[]," "hope[]," or "desire[]" to purchase a semiautomatic assault rifle. Compl. ¶¶ 24-25, 33-34, 59, 62. And the Associational Plaintiffs state only that they are "defender[s] of Second Amendment rights" with "thousands" of members in Washington. *See Id.* ¶¶ 36-43. These vague allegations fail to establish anything more than an abstract question that is potentially relevant "not only [to] the named plaintiffs, but also anyone desiring to" buy or sell semiautomatic assault rifles. *San Diego Cnty.*, 98 F.3d at 1132. As such, these grievances are far too general to establish prudential standing.

Meanwhile, the Dealer Plaintiffs lack prudential standing to pursue their dormant Commerce Clause claim. The dormant Commerce Clause confers a right to engage in interstate trade, free from state regulations that discriminate against out-of-state interests or are an excessive burden on interstate trade. *See Dennis v. Higgins*, 498 U.S. 439, 448 (1991).

Here, Dealer Plaintiffs cannot seek to vindicate this right on behalf of out-of-state purchasers, because prudential standing requires that a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499 (1975). To the extent that Dealer Plaintiffs seek to vindicate their own rights under the dormant Commerce Clause, they lack standing because their injuries "do not fall within the zone of interests" protected by the dormant Commerce Clause.[3] *Valley Forge*

---

[3] The Supreme Court recently held that the zone of interest test informs whether a plaintiff has a statutory cause of action, and does not fall under the prudential standing rubric as to statutory claims. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014). However,

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    *Christian Coll.,* 454 U.S. at 474–75. The core purpose of the dormant Commerce Clause is to

2    prevent "'economic protectionism—that is, regulatory measures designed to benefit in-state

3    economic interests by burdening out-of-state competitors.'" *Dep't of Revenue of Ky. v.*

4    *Davis*, 553 U.S. 328, 337–38 (2008) (quoting *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269,

5    273–74 (1988)). But the Dealer Plaintiffs never allege (nor could they) that I-1639 favors in-state

6    dealers as compared to out-of-state dealers. The dormant Commerce Clause also protects against

7    nondiscriminatory regulations where "the burden on interstate commerce is 'clearly excessive in

8    relation to the putative local benefits.' " *Nat'l Ass'n of Optometrists & Opticians v. Harris*,

9    682 F.3d 1144, 1155 (9th Cir. 2012). But this test requires a "significant burden" on interstate

10   commerce, which the Dealer Plaintiff never allege. *Id.* ("If a regulation merely has an effect on

11   interstate commerce, but does not impose a significant burden on interstate commerce, it follows

12   that there cannot be a burden on interstate commerce that is "clearly excessive in relation to the

13   putative local benefits . . . ."). Courts have found that a "significant burden" includes "disruption

14   of travel and shipping due to a lack of uniformity in state laws, [] impacts on commerce beyond

15   the borders of the defendant state [], and impacts that fall more heavily on out-of-state interests."

16   *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1015 (9th Cir. 1994) (inner citations

17   omitted). "Because the purpose of the Commerce Clause is to protect the nation against

18   economic Balkanization, [] legitimate regulations that have none of these effect" do not

19   implicate the dormant Commerce Clause. *Id*. (inner citation omitted, collecting cases). The

20   Dealer Plaintiffs do not allege any such burdens and thus lack prudential standing under the

21   dormant Commerce Clause.

22   _____

23   *Lexmark* does not address constitutional claims, and courts have applied the zone of interests test to dormant Commerce Clause claims to determine whether plaintiffs have prudential standing. *See, e.g.*,

24   *Boston Stock Exch. v. State Tax Comm'n*, 429 U.S. 318, 320 n.3 (1977); *Individuals for Responsible Gov't v. Washoe County*, 110 F.3d 699, 703-04 (9th Cir. 1997).

DEFENDANTS' AND                           11            ATTORNEY GENERAL OF WASHINGTON
INTERVENOR-DEFENDANT'S JOINT                             1125 Washington Street SE
MOTION TO DISMISS                                              PO Box 40100
NO. 3:18-cv-05931-RBL                                      Olympia, WA 98504-0100
                                                              (360) 753-6200

### 3. The Associational Plaintiffs lack associational standing

The Associational Plaintiffs also lack standing to bring this action on behalf of their members or in their own right.

Associations have standing to sue on behalf of their members "only if . . . their members would otherwise have standing to sue in their own right." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Plaintiffs claiming associational standing must specifically "identify members who have suffered the requisite harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009); *see also Draper v. Healey*, 827 F.3d 1, 3 (1st Cir. 2016) (gun advocacy organization lacked standing where "complaint did not identify any member of the group whom the regulation prevented from selling or purchasing" a gun); *Kachalsky v. Cacace*, 817 F. Supp. 2d 235, 251 (S.D.N.Y. 2011), *aff'd sub nom. on other grounds Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012) (gun advocacy organization failed to allege "that it has any members who have applied for and been rejected full-carry permits" under the regulation at issue).

The Associational Plaintiffs challenge I-1639's Age Requirement. Compl. ¶¶ 70, 74. But they have not specifically identified young adult members who have been harmed by that provision. Even if they had, those members would lack standing for the same reasons (discussed above) that the Young Adult Plaintiffs lack individual standing.

An association has direct standing if "it show[s] a drain on its resources from both a diversion of its resources and frustration of its mission." *Fair Hous. Council of San Fernando Valley v. Roommate.com, LLC*, 666 F.3d 1216, 1219 (9th Cir. 2012) (quotation omitted). The Associational Plaintiffs have not alleged any economic injuries, nor can they based on costs associated with this litigation. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1124 n. 3

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

(9th Cir. 2001) ("standing must be established independent of the lawsuit filed by the plaintiff");

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088

(9th Cir. 2010) (association "cannot manufacture [an] injury by incurring litigation costs"). And

the fact that the Associational Plaintiffs' missions generally include "offer[ing] education,

research, publishing, and support for the constitutional right to own and possess firearms,"

Compl. ¶ 38, and "promot[ing] the safe and responsible purchase, possession, and use of firearms

for law-abiding adults for lawful purposes," *id.* ¶ 41, is "plainly insufficient to give rise to

standing." *See, e.g.*, *Kachalsky*, 817 F. Supp. 2d at 251 (S.D.N.Y. 2011) (no standing based on

general allegations that gun advocacy organization promotes gun rights and engages in education

and research on constitutional right to bear arms).

Thus, Associational Plaintiffs have not identified particular members who have standing,

nor specified how they have standing to sue in their own right.

Plaintiffs' lack of standing is a jurisdictional bar to their claims.  Their claims should be

dismissed in their entirety for this reason alone.

## C.    Plaintiffs' Claims Are Not Ripe

### 1.    Plaintiffs have not established constitutional ripeness

The ripeness doctrine is "designed to 'prevent the courts, through avoidance of premature

adjudication, from entangling themselves in abstract disagreements.'" *Thomas*, 220 F.3d at 1138

(quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Ripeness has been characterized

as "standing on a timeline," and to establish that a pre-enforcement challenge to a statute is ripe,

a plaintiff must satisfy the same test required to show injury-in-fact for standing. *Thomas*,

220 F.3d at 1138. That is, to establish Article III ripeness, Plaintiffs must show that they face a

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

"genuine threat of imminent prosecution." *Id.* But as explained above, Plaintiffs fail to make this showing, *see supra* Section A.1, and therefore their claim is not ripe under Article III.

### 2.      Plaintiffs have not established prudential ripeness

In deciding whether a case meets the prudential aspect of the ripeness doctrine, courts look to "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Both factors here counsel against attempting to resolve this hypothetical case.

The issues in this case are not fit for judicial decision because Plaintiffs challenge a criminal statute on constitutional grounds before it has ever been enforced. "[P]rudential considerations of ripeness are amplified where constitutional issues are concerned," *Scott*, 306 F.3d at 662, and courts routinely decline to decide constitutional challenges where there are no facts or applications of the law upon which the court can base its decision. *See Oklevueha Native Am. Church*, 676 F.3d 829, 837 (9th Cir. 2012) ("Courts have regularly declined on prudential grounds to review challenges to recently promulgated laws or regulations in favor of awaiting an actual application of the new rule.").

For example, in *San Diego County Gun Rights Committee*, the plaintiffs sought pre-enforcement review of the Crime Control Act's prohibition on the manufacture, transfer, or possession of semiautomatic assault weapons. Because the Act had not been enforced against anyone at the time of the challenge, this Court found the case did not meet the prudential requirements for ripeness. *San Diego Cty.*, 98 F.3d at 1132-33. The court reasoned that it "should not be forced to decide . . . constitutional claims in a vacuum" where "[a]t this point, a decision on the merits of plaintiffs' constitutional claims would be devoid of any factual context whatsoever." *Id.* at 1132 (citations omitted).

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

14

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Similarly here, this Court should decline to decide Plaintiffs' constitutional claims against I-1639 in a vacuum devoid of any factual context or prior application of the statute. Indeed, Plaintiffs filed this case before any provisions of I-1639 had even taken effect, and none of its provisions, other than the reduction of the minimum age for buying a semiautomatic firearm, take effect before July 1, 2019. I-1639, § 17. Plaintiffs set forth no actual controversy as to the application of I-1639. Because Plaintiffs seek review of constitutional issues based solely on hypothetical situations, the issues presented are not fit for judicial review.

There is also no hardship to Plaintiffs in delaying judicial review. Just as in *San Diego County Gun Rights Committee*, none of the Plaintiffs have been charged with violating I-1639. *San Diego Cty.*, 98 F.3d at 1132.

Thus, there is little to no hardship that would justify adjudicating constitutional claims against I-1639 in a vacuum prior to any application of the statute. Additionally, given that no one has been prosecuted under I-1639, no one has threatened Plaintiffs with prosecution, and Plaintiffs fail to set forth a concrete plan for how they intend to violate I-1639, Plaintiffs do not "face a credible threat of prosecution." *Id.* at 1132-33. Therefore, "any hardship caused by [a] decision to delay resolution of plaintiffs' claims does not justify the exercise of jurisdiction." *Id.* at 1132.

**D.    The Eleventh Amendment Bars All of Plaintiffs' Claims Against the State of Washington and Their State-Law Claims Against Both Defendants**

Defendants alternatively ask this Court to dismiss all claims against the State of Washington and all state law claims against state official Bob Ferguson as barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

DEFENDANTS' AND INTERVENOR-DEFENDANT'S JOINT MOTION TO DISMISS NO. 3:18-cv-05931-RBL

15

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  U.S. Const. amend. XI.

2  　　　Plaintiffs' Complaint names both the State of Washington and Attorney General

3  Ferguson as defendants. Compl. ¶¶ 44-45. But the Eleventh Amendment bars actions against

4  states in federal court, absent that state's consent. *Pennhurst State Sch. & Hosp. v. Halderman*,

5  465 U.S. 89, 98 (1984). Washington has not consented to waiver of its Eleventh Amendment

6  immunity. *Yakama Indian Nation v. Washington*, 176 F.3d 1241, 1245 (9th Cir. 1999). The

7  State's Eleventh amendment immunity extends as well to suits brought by citizens against their

8  own state. *Hans v. Louisiana*, 134 U.S. 1 15 (1890); *see also Townsend v. Univ. of Alaska*,

9  543 F.3d 478, 484 (9th Cir. 2008) (reiterating holding of *Hans*). This Court must accordingly

10  dismiss all claims against the State of Washington.

11  　　　The Eleventh Amendment also bars suits in federal court against state officers based on

12  alleged violations of state law. *Pennhurst*, 465 U.S at 106. Plaintiffs allege state law claims

13  against Attorney General Ferguson, which must be dismissed for lack of subject matter

14  jurisdiction. *Yakama Indian Nation*, 176 F.3d at 1245. Neither Plaintiffs' invocation of 42 U.S.C.

15  § 1983 nor this court's supplemental jurisdiction under 28 U.S.C. § 1367 alters this result.

16  *See Pennhurst*, 465 U.S. at 152 (addressing 42 U.S.C. § 1983); *Raygor v. Regents of Univ. of*

17  *Minn.*, 534 U.S. 533, 541-42 (2002) (addressing supplemental jurisdiction). Therefore, even if

18  this Court declines to dismiss Plaintiffs' claims based on standing and ripeness, their state law

19  claims against the Attorney General in his official capacity, as well as all claims against the State

20  itself, are still barred under the Eleventh Amendment and must be dismissed.

21  **IV.    CONCLUSION**

22  　　　This Court should dismiss this pre-enforcement challenge to I-1639. Plaintiffs have not

23  shown a genuine threat of imminent prosecution, and thus fail to establish Article III standing and

24

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

16

1    ripeness. Additionally, the Associational Plaintiffs have not identified any members harmed by the

2    initiative or any direct harms necessary to establish standing. Further, this Court should dismiss for

3    lack of standing and ripeness on prudential grounds. Defendants further ask this Court to dismiss

4    all claims against the State of Washington and all state law claims against Attorney General Bob

5    Ferguson as barred by the Eleventh Amendment.

6        DATED this 22nd day of January, 2019.

7                                    ROBERT W. FERGUSON
                                     Attorney General
8
                                     */s/ R. July Simpson*
9                                    R. JULY SIMPSON, WSBA #45869
                                     ZACHARY P. JONES, WSBA #44557
10                                   Assistant Attorneys General
                                     NOAH G. PURCELL, WSBA # 43492
11                                   Solicitor General
                                     JEFFREY T. EVEN, WSBA #20367
12                                   Deputy Solicitor General
                                     MEGAN D. LIN, WSBA #53716
13                                   Solicitor General's Office Fellow
                                     P.O. Box 40100
14                                   Olympia, WA 98504-0100
                                     (360) 753-6200
15                                   *Attorneys for Defendants*
                                     *State of Washington and*
16                                   *Attorney General Bob Ferguson*

17
                                     PACIFICA LAW GROUP LLP
18
                                     */s/ Gregory J. Wong*
19                                   GREGORY J. WONG, WSBA #39329
                                     PAUL J. LAWRENCE, WSBA #13557
20                                   NICHOLAS W. BROWN, WSBA #33586
                                     SARAH S. WASHBURN, WSBA #44418
21                                   *Attorneys for Intervenor-Defendant*
                                     *Safe School Safe Communities*

22

23

24

1

### DECLARATION OF SERVICE

2          I hereby certify that on January 22, 2019, I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a

4   copy of this document upon all counsel of record.

5          DATED this 22nd day of January, 2019, at Olympia, Washington.

6

7                                          */s/ R. July Simpson*
                                           R. JULY SIMPSON
                                           Assistant Attorney General
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' AND
INTERVENOR-DEFENDANT'S JOINT
MOTION TO DISMISS
NO. 3:18-cv-05931-RBL

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200